IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


HAROLD SMITH                                    *
          Petitioner,
    v.                                          *    CIVIL ACTION NO. RDB-06-3208

EDWARD F. REILLY, JR                            *
HARLEY LAPPIN
ALBERTO GONZALES                                *
          Respondents.

                             ***

## <u>MEMORANDUM OPINION</u>

### <u>Procedural History</u>

This action was initiated by Petitioner against the Chairman of the U.S. Parole Commission ("Commission"), the Director for the U.S. Bureau of Prisons ("BOP"), and the U.S. Attorney General, as a Petition for writ of mandamus.[1]  Petitioner claims that Respondent Reilly has violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by refusing to provide to him copies of state or local agency convictions in order to prove that the information placed by the Commission in his central BOP file is correct.[2]  Petitioner complains that both the Commission and BOP have refused to remove the inaccurate information from his central file.  He seeks declaratory relief under the FOIA and mandamus relief to compel the removal of all inaccurate information from his BOP file.

   Respondents have filed a Response and Motion to Dismiss or for Summary Judgment.  (Paper No. 4).  Petitioner has filed his Opposition thereto.  (Paper No. 6).

---

[1]   Petitioner is currently confined at the United States Penitentiary-Hazelton, in Bruceton Mills, West Virginia.

[2]   Petitioner claims that the inaccurate information regarding the attempted arson, domestic violence or assault, and strong-armed robbery offenses, has drastically affected his classification status and eligibility for early release.   Paper No. 1

**Background**

On August 14, 1994, Petitioner was released on parole from a 23-year armed bank robbery sentence imposed by the United States District Court for the District of South Carolina on October 30, 1985.  (Paper No. 4 at Exs. A & B). On September 23, 1997, however, the Commission revoked Petitioner's parole, forfeited all street time, and granted re-parole after the service of 8 months.  (*Id*., Ex. C).  Petitioner was re-paroled on January 7, 1998.  (*Id*., Ex. D).  On April 15, 1999, the Commission again revoked Petitioner's parole and granted re-parole after the service of twelve months.   (*Id*., Exs. E & F).   Petitioner was re-paroled on October 19, 1999, and the expiration of his sentence was calculated to be January 21, 2012. (*Id*., Ex. G).

In 2000, Petitioner's probation officer advised the Commission that: (1) Petitioner had failed to comply with parole conditions by not reporting as directed; (2) Petiioner had been arrested on February 22, 2000, for driving under suspension, habitual offender, and giving a false name to police; (3) Petitioner had failed to report the aforementioned arrest to him and had falsely answered in the negative when asked on his monthly supervision report whether he had been questioned or arrested by law enforcement; (4) Petitioner had been arrested on May 24, 2000, and charged with attempted arson and resisting arrest; and (5) Petitioner had moved from his last reported residence and had failed to notify the probation officer of his new residence.  (*Id*., Exs. H-J).  On July 27, 2000, the Commission issued a warrant for Petitioner based upon various parole violation charges. (*Id*., Exs. K-L).

On September 13, 2000, the U.S. Marshal for the District of South Carolina took Petitioner into custody on the above-mentioned warrant.  (Paper No. 4, Ex. M).  Probable cause was found to believe that Petitioner had violated the conditions of parole and a revocation hearing was scheduled.

(*Id*., Exs. N-P).   In May of 2001, however, Petitioner's probation officer advised the Commission that Petitioner had also been arrested in January of 2000, for strong-armed robbery and in June of 2000 for criminal domestic violence.   (*Id*., Ex. Q).   The revocation warrant was supplemented to include these additional charged criminal offenses.   (*Id*., Ex. L).

The revocation hearing was scheduled on July 30, 2001, but was continued at Petitioner's request.   (*Id*., Ex. R).   On October 16, 2001, the rescheduled revocation hearing was held.   (*Id*., Ex. S).   Petitioner objected to the Commission considering the charges related to the attempted arson, resisting arrest, criminal domestic violence, assault, and strong-armed robbery offenses, claiming that the criminal charges had been dismissed.   (*Id*.)   The hearing officer listened to Petitioner's testimony and that of his voluntary witness (his mother), reviewed the police reports, and concluded that there was sufficient factual evidence to find that Petitioner had committed attempted arson, resisting arrest, assault (of his girlfriend), and strong-armed robbery of a convenience store.   (*Id*.). The hearing examiner established re-parole guidelines of 78 to 100 months with a recommendation that Petitioner continue to serve his sentence until the expiration of his mandatory release date, or 98 months.   (*Id*.).

On November 26, 2001, the Commission agreed with the hearing examiner's findings of fact and recommendation and issued a decision to revoke Petitioner's parole, forfeit all street time, and continue him to the expiration of his mandatory release date.   (*Id*., Ex. T).   The decision was affirmed by the National Appeals Board ("Board").   (*Id*., Ex. U).

On August 2, 2005, a hearing examiner conducted an 18 U.S.C. § 4208(h) hearing.   (Paper No. 4, Ex. V).   After considering five reports of institutional infractions, the examiner recommended no change in the Commission's previous decision.   (*Id*.)   The Commission issued its "no change"

decision on August 12, 2005.  (*Id.*, Ex. W).  The Board affirmed this determination on October 17, 2005.  (*Id.*, Ex. X).

On March 21, 2006, Petitioner submitted an FOIA request to the Commission for copies of judgments supporting the Commission's finding that he committed the offenses of attempted arson, domestic violence and assault, and strong-armed robbery.  (*Id.*, Ex. Y).  In response, the Commission advised Petitioner that it does not have these documents in his parole file.   (*Id.*, Ex. Z).

On August 31, 2006, Petitioner filed an adminstrative remedy seeking correction of his records through removal of documents related to the criminal conduct at issue.  (*Id.*, Ex. 1 at Attachments).  The request was denied by the Warden.  (*Id.*).  Petitioner's appeal of the Warden's decision to the Regional Director was denied on December 5, 2006.  (*Id.*)  An appeal to the BOP's Central Office was submitted and, according to Petitioner's Opposition, a reply was filed on February 27, 2007.   (Paper No. 6, Ex. D).

**Standard of Review**

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997).  Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  A court, however, need not accept unsupported legal conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular acts or practices.  *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

4

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c);  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the burden of showing that there is no genuine issue as to any material fact.  However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof.  *See Celotex*, 477 U.S. at 322-323.  Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

**Analysis**

To the extent Petitioner seeks to hold the Commission and BOP in violation of the FOIA, the Court shall deny declaratory relief.  Respondents argue that the records in question are exempt under the Privacy Act.  The defendant agency has the burden of proving that the requested information meets the criteria of an applicable exemption.  *See Baltimore Sun v. U.S. Marshals Serv.*, 131 F. Supp. 2d 725, 730 (D. Md. 2001).  Upon an adequate showing that the requested information fits into an exemption, this Court is not permitted to compel disclosure of that information.  *See Minier v. Central Intelligence Agency*, 88 F. 3d 796, 803 (9th Cir. 1996) ("district court only has jurisdiction to compel an agency to disclose improperly withheld agency records").  To satisfy their burden of proof, the defendant agency must submit affidavits, declarations or other evidence showing that the documents or information are exempt from disclosure.  In weighing that evidence "it is imperative that the court consider and accord substantial weight to the expertise of

5

the agencies charged with determining what information the government may properly release."

*Bowers v. U.S. Department of Justice*, 930 F. 2d 350, 357 (4th Cir. 1991).

In this case, the allegedly inaccurate information is contained in the probation officer's parole violation reports and accompanying police reports. These records are subject to Privacy Act exemption from the record-amendment requirement of the FOIA under 5 U.S.C. § 552a(d). *See Buxton v. U.S. Parole Commission*, 844 F.Supp 642, 644 (D. Ore. 1994) (Commission is exempt from the record-amendment requirements of 5 U.S.C. § 552a(d), which requires agencies to investigate claimed inaccuracies in government records). Moreover, any FOIA claim against the BOP would also fail. Records located in the BOP inmate's central record system are also subject to the Privacy Act exemption of 5 U.S.C. 552a(j)(2).[3] *See* 28 C.F.R. § 16.97(a).

Petitioner also seeks to compel the removal of "inaccurate" information related to certain criminal offenses removed from his central file pursuant to this Court's mandamus authority. In order to meet the requirements for mandamus relief against a federal agency, Petitioner must show that: he has the clear legal right to the relief sought; Respondent has a clear legal duty to do the particular act requested; and no other adequate remedy is available. The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va.

---

[3]   5 U.S.C. § 552a(j)(2) exempts from disclosure records "maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities, and which consists of (A) information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status;  (B) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual;  or (C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

1993).  In addition, mandamus cannot be used to compel the performance of discretionary duties of

federal government officers; mandamus will lie only to compel ministerial acts.  *See  Shoshone-*

*Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp.

1295, 1304-05 (D. Md. 1975).   A ministerial act is one in which the law prescribes and defines a

duty to be performed with such precision as to leave nothing to the exercise of discretion or

judgment.  *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).   Mandamus most

commonly lies to compel performance of a clear nondiscretionary duty, and is an extraordinary

remedy that typically should not be invoked if other avenues of relief exist.   *See Kane v. Winn*, 319

F.Supp.2d 162, 212 (D. Mass. 2004).

      In this instance, Petitioner has failed to demonstrate that he has a clear right to the removal

of the information in question, that Respondents have a clear legal duty to remove the materials, and

that no alternative relief is available.   Information pertaining to the attempted arson, resisting arrest,

assault (of his girlfriend), and strong-armed robbery of a convenience store is contained in the

probation officer's parole violation reports and accompanying police reports.[4]   As already indicated

such materials are exempt from record-amending provisions under the Privacy Act.   Petitioner has

no right and Respondents have no duty to remove the information under 28 U.S.C. § 1361.   Further,

as correctly noted by Respondents, Petitioner's claims of inaccurate information in his central file

arguably represent a challenge to past Commission determinations, as well as to his early release

eligibility.[5]   He may avail himself of the alternative remedy of  28 U.S.C. § 2241 habeas corpus

---

[4]      Respondents do not dispute that the underlying criminal charges encompassing this information
were dismissed.

[5]      In his Opposition, Petitioner claims that Respondents contacted local authorities in South Carolina
to request that they "lodge a detainer against Petitioner...for 'Criminal Domestic Violence' to justify their
mistreatment of Petitioner....via his placement in Administrative Detention (Segregation Unit) to hinder his

relief to maintain a challenge going to the length and duration of his confinement.  *See Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Such a challenge may be filed in the district which has personal jurisdiction over Petitioner's custodian.[6]

### Conclusion

For the aforementioned reasons, Petitioner's request for declaratory and injunctive relief shall be denied, and Respondents' Motion to Dismiss or for Summary Judgment, treated as a Motion for Summary Judgment, will be granted by separate Order.

Date:   April 17, 2007                        /s/

                                      RICHARD D. BENNETT
                                      UNITED STATES DISTRICT JUDGE

---

ability to prove his case and prolong incarceration."  (Paper No. 6 at 3-4).  The exhibits show that in 2005, an officer from the Spartanburg County Sheriff's Office asked that a detainer be kept on Petitioner for an untried criminal domestic violence charge.  (*Id.*, Ex. F).  In 2006, however, the detainer was lifted by the same South Carolina authority.  (*Id.*).

[6]    An exhibit attached to Petitioner's Opposition indicates that in 2002 and 2005,  28 U.S.C. § 2241 petitions for writ of habeas corpus were filed in the United States District Courts for the Districts of Kentucky and South Carolina raising due process challenges to Petitioner's parole revocation and statutory interim hearings.  (Paper No. 6, Ex. E).  The petitions were dismissed without prejudice.  (*Id.*).